VAN BRUNT, P. J.
—This action was brought to recover damages for injuries alleged to have been sustained by the plaintiff through the defective construction of a certain eye-bolt, which defective construction caused the bolt to break. The plaintiff was employed by the defendant as a lineman 'in the construction of an electric railroad on Baronne Street, in the city of Hew Orleans, and was injured while helping to string a feed wire over a certain span wire which connected two poles across the street. This span wire was fastened to the eyebolt at the top of each pole, and it was drawn tight, so that the tops of poles were drawn towards each other. The plaintiff had his left foot on the top round of the ladder and *1026 Ms right leg around the pole. He had hold of the feed wire, and was just laying- the feed wire in a wire hook that was hung over the span wire. As the weight of this feed wire rested in the wire hook, the eyebolt broke. The tension being removed, the pole flew back, and the plaintiff was thrown to the ground. The eyebolt was welded, and it parted at the weld. A good eyebolt of the size of the one which broke ought to hold 2,000 pounds. It appeared from the evidence that this bolt was not manufactured by the defendant, but was bought by him of reputable manufacturers, and -to all outward appearances was entirely suited for the purpose to which it was put. Upon the foregoing facts appearing, the learned justice dismissed the complaint, and on the judgment thereupon entered this appeal is taken.
A motion for a new trial was made, and the learned court below wrote a careful opinion in denying the motion, and we might rest this decision entirely upon that opinion were it not for the claim made upon the part of the appellant that there was no proof that the defendant ordered the eyebolt from responsible and well-known manufacturers, as was assumed by the court below; and that, the defendant having offered proof, the trial judge had no right to pass upon the truthfulness of this proof, nor upon the conflict arising from the evidence, but that this was for the jury.
It is also urged that the court erred in the exclusion of testimony. Upon the examination of the evidence in the case we think the learned judge was entirely correct in holding that the evidence showed that the eyebolts in question were bought from- a responsible manufacturer, who had a good reputation. It is true that one of the witnesses who was called to prove these facts was at first unable to remember, the name of the corporation which had manufactured the bolts; but, upon being shown the bill for the eyebolts, which had been paid by him, he stated the name of the corporation, which corresponded with the description previously given by him in his testimony; and his evidence was to the effect that the reputation of these manufacturers was of the best. -Another witness, who was the treasurer of the manufacturer, was also examined, and testified to the same effect, and there was no evidence whatever offered to the contrary. There was, therefore, no conflict of evidence, and nothing in the case from which the jury could find that the bolts in question had not been purchased from a reputable manufacturer; and, it appearing that the defect in the bolt was one which could not be detected upon an external examination, the defendant was shown to have done all that the rules of law required him to do, as appears in the opinion of the learned court below. There was, therefore, no assumption upon this subject, in the opinion of the court, which was not fully borne out by the evidence.
But it is urged that the court erred in excluding the following question : 11 Q. Did any of these ringbolts break the day *1027 or a day or two previous to that accident ? ” This was objected to, the objection sustained, and an exception taken by the plaintiff’s counsel. Then the question was asked, “ Q. Previous to that?” Same objection, ruling, and exception. It is clear that the question first excluded was entirely incompetent, because the breaking of a similar bolt upón tire day of the happening of the accident did not tend to prove that the defendant had noticed prior to the accident that the bolts were defective. The next question is not subject to this criticism, because' it refers to a time previous to the happening of the accident. But the difficulty with this question was that there was nothing to show that there was anj^ intent to prove the breaking of more than one of these eyebolts. There was no claim made by the counsel that he intended tq prove the circumstances under which the breaking occurred, or that it was of such a character as to call the attention of the defendant to” any defect in the eyebolts. If the counsel intended to offer further proof, so as to make this question material by reason of circumstances attending the breaking, or by the fact that breakages were of so frequent occurrence as to indicate weakness in the bolts, he should have so informed the court, so that the court might have understood what was claimed by the counsel to be the pertinency of the evidence. The breaking of one eyebolt was not evidence of the character of the lot, it appearing from the facts testified to upon the trial that the weakness resulted from- an imperfect welding, which could not be detected by examination, and which ivas not a defect of manufacture which would necessarily or probably run through the lot of eyebolts bought. We do not think, therefore, that the court was bound to know that there would be any attempt upon the part of the plaintiff by additional proof to make evidence of this character pertinent.
Under all the circumstances of the case we do not see that any error was committed; and for the reasons stated in the opinion of the court below, as well as those here given, we think the judgment should be affirmed, with costs.
WILLIAMS, PATTEBSOB, and IBGBAHAM, J.J., concur.